9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bob C. WARREN, Sr., Plaintiff-Appellant,
v.
CITY OF GREENVILLE, Defendant-Appellee.
 No. 93-1018.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MERRITT, Chief Judge; JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Bob C. Warren, Sr., pro se, appeals a district court order granting the defendant's motion to dismiss for failure to state a claim in this civil rights case. The only named defendant is the City of Greenville, Michigan. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Warren alleged that a Greenville policeman improperly issued to him a traffic ticket for speeding and that, at a hearing in state court, Warren was not permitted to present certain evidence in his own defense, specifically, to call the arresting police officer as a witness. Warren also alleged that the police officer who issued him the citation was lying about the facts surrounding the violation. Warren appealed the state magistrate's finding of guilty and appealed the order directing him to pay a $40 fine. However, Warren's appeal to the Michigan District Court was ruled as untimely. Subsequently, Warren's appeals to the state circuit court and to the state court of appeals were dismissed for lack of jurisdiction because of the untimely appeal from the state magistrate's decision. The Michigan Supreme Court eventually denied Warren's application for leave to appeal. In the district court, the judge dismissed the case under Fed.R.Civ.P. 12(b).
 
 
 3
 On appeal to this court, Warren makes the following arguments: 1) the district court "ignored the facts" by deciding the case based on the defendant's position as a municipal entity, rather than addressing the merits of his claims; 2) the district court judge was not objective and should have applied the law under Sec. 1983 to protect his rights against the defendant's alleged unconstitutional acts; 3) Warren was required to name the City of Greenville as the defendant; and 4) Warren was denied due process at the state hearing by the City Attorney's actions of disallowing the police officer as a witness. Warren now asks this court to "reverse the state court ruling," to order the city to pay his costs for bringing this suit, and to award him $10,000 in punitive damages. The defendant-appellee has filed a Motion for Limited Remand for the Purpose of Entry of Judgment by the district court.
 
 
 4
 Addressing the procedural matter raised by the defendant-appellee's Motion for Remand, this court concludes that a remand is not required. The record shows that it was the district court's intent that the order entered on October 16, 1992, was to be the final decision disposing of this case, that this order was clearly indicated on the district court's docket and that no objection to an appeal from this order was presented until the Motion for Remand was filed in this court. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 386-88 (1978) (per curiam). As stated by the Supreme Court in Bankers Trust, "wheels would spin for no practical purpose" if a remand were ordered simply to allow the district court to file and enter a separate judgment from which a timely appeal would then be taken. Most importantly, no parties have been misled by the district court's failure to enter a final judgment in this case. Therefore, the Motion for Remand is denied.
 
 
 5
 Turning to the merits of the plaintiff's claims, the defendants properly argue, on appeal, that the United States District Court lacked jurisdiction to review Warren's claims because review of a final judgment by a state court may be obtained only in the United States Supreme Court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983). Under this doctrine, the district court may not review a state court judgment, even if the decision appears to be incorrect, and even if the claims are asserted within the context of the Constitution. Id.; In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986). Indeed, Warren is requesting this court to reverse the state court ruling. Moreover, the claim is not based upon any fraud, deception, or accidental mistake on the part of the City of Greenville, warranting federal review of a state court decision. Thus, the state court decision on which Warren bases his complaint is not reviewable by the district court or by this court, on appeal.
 
 
 6
 Secondly, the defendant City of Greenville cannot be held responsible for any constitutional deprivation caused by alleged unconstitutional conduct by judicial officers acting within the context of official judicial proceedings taking place within that municipality. Because Warren has not alleged or shown that the alleged deprivation resulted from any custom or policy of that governmental entity, the city may not be sued in this civil rights action. See Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978).
 
 
 7
 Accordingly, the defendant-appellee's Motion for Limited Remand is hereby denied, and the district court's order dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.